Campbell, (Thief Justice,
delivered the opinion of the court :
There is no dispute about the facts. They are stipulated. Evidently they were framed to present the single question whether the carrier is liable to the Government for loss or damage to its property when shipped upon a Government bill of lading and not delivered, the plaintiff insisting that no claim of loss or damage was filed in time. The shipment was made in October, 1920, from Chicago to Dallas, Tex., and consisted of 250 gasoline-strainer assemblies of the agreed value of $420. In December, 1920, the plaintiff, the terminal carrier, was informed by the Government that the shipment had not been received. From that date until May *376 12, 1922, there was correspondence between the Government officers, the plaintiff, and other interested lines, in an effort to locate the shipment, and in May, 1922, the plaintiff received from the War Department a claim on account of the loss or damage. After the filing of this claim the parties continued their efforts to locate the shipment until November 22, 1922, when the plaintiff was notified by the accounting office of the Government that unless an early settlement of the claim was made the amount of it would be deducted from some other bill of plaintiff. The shipment was never delivered. In July, 1923, the disbursing officer of the Government deducted the $420 from an amount due plaintiff for other transportation, the deduction being on account of the loss of the 250 gasoline-strainer assemblies. In form at least the petition challenges the right of the Government to make the deduction, thus presenting the question stated instead of suing for the unpaid part of its bill and leaving the defendant to set up its defense of payment or lawful deduction.
The plaintiff’s contention is (1) that the provision in the uniform commercial bill of lading requiring claims for loss or damage to be made within six months after delivery or in case of failure to make delivery within six months after a reasonable time therefor has elapsed is valid as to the Government; (2) that no sufficient notice was given; (3) that the claim of loss or damage was not within six months after a reasonable time for delivery had elapsed.
The right of the accounting officers to make the deduction is insisted upon by the defendant and apparently is conceded by the plaintiff if the claim was presented in time. In other words, the liability of the carrier for the loss is not controverted except upon the grounds already stated. The shipment moved upon a Government bill of lading, and the clause or condition upon which plaintiff chiefly relies is set out in the stipulation as follows: “ 2. Unless otherwise specifically provided hereon this bill of lading is subject to the same rules and conditions as govern commercial shipments made on the usual forms provided therefor by the carrier.” This clause, it is urged, adopts the condition on the uniform commercial bill of lading which provides for claims in writ *377 ing being made within six months. We do not assent to this view. In the first place, clause 6, under the heading Instructions on the Government form of bill of lading, gives instructions that are inconsistent with the plaintiff’s contention relative to a claim within six months. On the other hand, it is unreasonable and unjust to give to clause 2 in the Government bill of lading the interpretation that by mere reference it brings into the contract conditions stated in the commercial bill of lading.
The Government bill of lading may charge officers with certain duties, but it also instructs them what to do. Having it in possession they may follow its instructions, but to say that other duties are imposed because of a supposed reference to another paper of whose conditions they probably have no actual knowledge, and that their failure to observe such conditions defeats an otherwise good claim of the Government, would be to carry the provisions of the Government bill of lading beyond proper bounds. There is a broader ground for rejecting the plaintiff’s contention to be found in the fact that it leads to a limitation upon the rights of -the sovereign not authorized by statute. Unquestionably the rule is that it requires congressional action clearly manifesting such a purpose before the United States can be bound by statutes of limitations. See United States v. Nashville Ry. Co., 118 U. S. 120, 125. It is said that “ No laches can be imputed to the Government, and against it no time runs so as to bar its rights.” See Thompson case, 98 U. S. 486, 488. The rule is not confined to statutes of limitations. In Kirkpatrick's case, 9 Wheat. 720, 735, Mr. Justice Story speaking for the court says: “ The general principle is that laches is not imputable to the Government; and this maxim is founded not in the notion of extraordinary prerogative but upon a great public policy. The Government can transact its business only through its agents, and its fiscal operations are so various and its agencies so numerous and scattered that the utmost vigilance would not save the public from the most serious losses if the doctrine of laches can be applied to its transactions.” See United States v. American Bell Telephone Co., 159 U. S. 548, 554. If it be conceded that *378 the Government is bound by its contracts it must appear, in view of the authorities cited, that there is statutory authority for the particular contract as well as an authority in the agent who makes it to waive rights of the Government. There is an absence of these things in the instant case. The transportation act furnishes no basis for the contention that the Government is bound by the provisions of the uniform commercial bill of lading, and the implications to be found in that act tend rather to exclude Government shipments from its operation. We have quite recently adopted the view urged upon the court by counsel for transportation companies that the statute of limitations therein prescribed for actions by the carriers do not apply to suits by them in the Court of Claims. See Southern Pacific co. case No. D-504,. decided this date, post, p. 391.
The petition should be dismissed. And it is so ordered.
GRAham, Judge; Hat, Judge; and Booth, Judge, concur..